I respectfully dissent from the majority's opinion and would reverse the trial court's decision granting Ely's motion to suppress evidence.
The trial court improperly concluded that the triggering event to end the initial investigatory stop was the decision to cite Ely. However, the proper triggering event for the end of the investigatory stop was the completion of issuing the citation. Klamert testified that he and Fallon were driving an undercover vehicle without a protective divider and they did not feel comfortable putting Ely in the backseat while citing him. Before returning Ely to his own vehicle, Klamert looked in the car "to make sure he was not hiding a gun that would be accessible if he got back inside the car." This testimony, coupled with the facts that Ely was pulled over for traffic violations in a drug infested neighborhood, he was furtively moving in the front seat of his car, and he was nervous when speaking with officers, is enough to justify an investigatory stop.
Additionally, the court found that the state did not meet the plain view test, stating that "I don't believe there was any testimony that this was immediately identifiable as a crack pipe." However, contrary to the court's finding, Klamert testified as follows: "And in between the two front seats, I saw a * * * silver pipe, which through my experience I immediately recognized it as a crack pipe."
Accordingly, I would find that Officer Klamert's testimony about finding the crack pipe in plain view and the facts surrounding the investigative search of Ely's vehicle during a traffic violation stop do satisfy the applicable legal standards for lawful exceptions to warrantless search and seizures.